Ruffin, Judge.
 

 The act of 1715,
 
 {Rev.
 
 c. 10,
 
 s.
 
 7,) is in terms an unqualified bar, without saving or exception in favor of any incapacity or case whatsoever. It seems to have been designed to be, emphatically, a statute of repose in favor of dead men’s estates, without a single, exception. It is founded upon thé pblicy, that the few instances of private injustice arising under it had better be tolerated, than that heirs, who had improved their inheritances, should lose them, and executors and administrators be subjected to debts, after the lapse of so' long a period from the debtors death. If this did not
 
 appear
 
 from that part of the statute now remaining in force, and to be found in our Rcvisal, if is made manifest from the residue of the section, as it originally passed. For that enacts, that all such money as may remain in the hands of the administrator after the term of seven . years, and not recovered by any next of kin, or creditor of the deceased in that time, shall be paid to the churchwardens and vestry,
 
 io and for the use of the
 
 parish, where the said money shall remain, it is impossible to suppose, that the administrator could beheld liable therefore, under any circumstances, to any body but the parish, after the seven years. And if he was not, neither •was the heir ; for the act goes to the whole estate. It is true that by a subsequent law'
 
 {Act of
 
 1784,
 
 Rev.
 
 c. 205,) the administrator is to pay the surplus into the Treasury ; and it is to be subject to creditors or representa-
 
 *340
 
 ftveSj without limitation of time. But this creates no liability on the part of the administrator, much less the heir. For the recovery from the Treasury is not to be through the administrator, and is therefore a mere public bounty, bestowed by legislative sanction in each case, under a sense of justice, and not by judicial sentence, since the State cannot be sued. It is likewise true, that by the act of 1809,
 
 {Rev. c.
 
 763,) the University is substituted in the place of the Treasury, and a term of ten years more is given for claim by creditors, legatees and next of kin. But here again, the demand must be held to be one directly against the University, and not against the
 
 executor;
 
 for the thisfees are put in the place as well of legatees as creditors. But both of these acts are subject to the decisive observation, that they extend to the personal estate only. The case of the heir remains untouched since the act of 1715. I am aware of the conflicting decisions in
 
 McLellan
 
 v.
 
 Hill’s Executor,
 
 (Conference Rep. 479,) and
 
 Jones
 
 v, Brodie, (3
 
 Murph.
 
 594,) and must say, I am not satisfied with the latter, for the reasons I have just given, although I gave a similar decision on the circuit, anterior to that case. There is a difficulty I am now unable to get clear of. Unless the death of the debtor be the
 
 terminus,
 
 if I may use the expression, from which the time runs, there is no limitation whatever. For suppose a debt to fall due eight years after the debtor’s death, there is nothing in the act to restrain the creditor to seven years from
 
 that
 
 time. The only limitation in the statute is from the debtor’s
 
 death ;
 
 and if the period begin not then, it can have no beginning nor ending, within this act. These observations are however exclusi velyi my own. This case does not require, that we should decide between the two cases mentioned. For the Plaintiff, although an infant, ivas in existence, and the debtor also, during the whole term of the seven years ; and if there were no other breach of the bond, that of not returning an account was one, for'
 
 *341
 
 which the bond might have been put in suit, and ripened into a judgment. ’ ,
 

 , .45 „ , . , , That is the point oí the present decision, and to that alone will the case be authority.
 

 Per Curiam. — Let the judgment below be affirmed.